**BUN SAN YO, aka San Yo Bun, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73038.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Robert G. Ryan, Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

**261**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Paul Fiorino, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM **

Bun San Yo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") decision pretermitting his asylum application as untimely. We dismiss the petition for review.

We lack jurisdiction to review the agency's determination under 8 U.S.C. § 1158(a)(2) that an asylum application was untimely filed. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Petitioner contends that we have jurisdiction because the IJ violated due process by pretermitting his claim without a full hearing on the merits of the underlying asylum application. Because petitioner neither demonstrated that the IJ was required under 8 C.F.R. § 1208.4(a) to conduct a full hearing on the merits nor that he was prejudiced, his due process challenge is not "colorable" and we lack jurisdiction. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001).

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750–51 (9th Cir.2004), petitioner's timely motion to stay removal included a timely request to stay voluntary departure. Because the motion to stay removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**